[Cite as *Clemens Trust v. Levengood*, 2014-Ohio-2922.]

COURT OF APPEALS
KNOX COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| THE VINCENT CLEMENS TRUST, | : | JUDGES: |
| C/O MARY J. LAYMON AND | : | Hon. William B. Hoffman, P.J. |
| JOANNE MCMAHON, CO-TRUSTEES | : | Hon. Sheila G. Farmer, J. |
| | : | Hon. Craig R. Baldwin, J. |
| Plaintiff-Appellant | : | |
| | : | |
| -vs- | : | |
| | : | |
| JOSEPH B. LEVENGOOD, ET AL. | : | Case No. 13CA33 |
| | : | |
| Defendants-Appellees | : | O P I N I O N |

CHARACTER OF PROCEEDING:        Appeal from the Court of Common Pleas, Case No. 11FR05-0278

JUDGMENT:        Affirmed/Reversed in Part & Remanded

DATE OF JUDGMENT:        June 30, 2014

APPEARANCES:

For Plaintiff-Appellant

WILLIAM DOUGLAS LOWE
EMILY L. MCKINNEY
P.O. Box 919
36 North 2nd Street
Newark, OH 43058-0919

For the Levengoods

RICHARD D. PALMER
601 South High Street
2nd Floor
Columbus, OH 43215

For Appellee Commodity Blenders, Inc.

DAVID L. WIGHAM
DURIYA DHINOJWALA
TRICIA L. PYCRAFT
CLINTON BAILEY
225 North Market Street
Wooster, OH 44691-0599

*Farmer, J.*

{¶1}   Appellant, The Vincent Clemens Trust, was established on April 24, 1992. Appellant owned a one-half interest in a farm in Mt. Vernon, Ohio.

{¶2}   On December 8, 1998, Joseph and Lisa Levengood filed a Chapter 13 bankruptcy petition.  In an order confirming plan filed May 12, 1999, the bankruptcy court ordered that the Levengoods could not acquire additional debt over $500.00 without notice to the trustee and could not transfer any interest in real property without court approval.

{¶3}   On November 12, 1999, the Levengoods purchased the one-half interest in the farm from appellant, Joseph's grandfather's trust.  The Levengoods signed a note with appellant and secured it with a mortgage ($145,000.00).  The Levengoods did not notice the bankruptcy trustee and did not have bankruptcy court approval.   The Levengoods received a bankruptcy discharge on March 29, 2004, without ever disclosing the real estate purchase.

{¶4}   On August 3, 2007, the Levengoods executed and delivered a note secured by a mortgage ($382,000.00) to Thomas McAbee who in turn assigned the note and mortgage to appellant in May 2009.

{¶5}   On September 17, 2009, the Levengoods filed a Chapter 7 bankruptcy petition.   The Levengoods listed the aforementioned property, and listed three mortgages: the first and second mortgages to appellant, and a third mortgage to Joseph's parents, John and Joyce Levengood.  This bankruptcy was closed in July 2012.

{¶6}   On May 23, 2011, appellant filed a complaint in foreclosure against the Levengoods and others, including three judgment lienholders, pertinent to this appeal, appellee, Commodity Blenders, Inc.  Appellee had secured a judgment lien against the property on December 19, 2008.   Appellee filed counterclaims and cross-claims, challenging the various mortgages and liens.

{¶7}   On December 23, 2011, appellant filed a motion for summary judgment, marshalling of liens, and sale of real estate.  By judgment entry filed April 2, 2012, the trial court denied the motion.

{¶8}   On July 12, 2012, appellee filed a motion for summary judgment against the Levengoods.  By order filed October 12, 2012, the trial court granted the motion and found any mortgages from the Levengoods to the parents were null and void.

{¶9}   A hearing to determine the validity and priority of the various liens and mortgages was held on April 19, 2013.  By judgment decree filed May 17, 2013, the trial court found the Levengoods were in default of the first note (1999), and the mortgage therewith was the first and best lien on the property after any lien of the Knox County Treasurer.  The trial court ordered the first mortgage foreclosed.

{¶10} On May 14 2013, appellee had filed a renewed motion for summary judgment against appellant, challenging the validity of the first mortgage.  On July 1, 2013, appellant also filed a renewed motion for summary judgment, marshalling of liens, and sale of real estate.  By judgment entry decree of foreclosure filed November 8, 2013, the trial court granted appellee's motion, finding appellee had a valid first lien on the property, the 1999 mortgage from the Levengoods to appellant was null and void, the 2009 mortgage from Mr. McAbee to appellant was subordinate to appellee's

judgment lien, and ordering the property foreclosed. An order granting appellee's motion for summary judgment and denying appellant's motion for summary judgment was filed on December 5, 2013.

{¶11} Appellant filed an appeal and this matter is now before this court for consideration. Assignments of error are as follows:

I

{¶12} "A COURT ERRS IN ENTERING SUMMARY JUDGMENT HOLDING A MORTGAGE LIEN TO BE INVALID WHEN IT HAS PREVIOUSLY ISSUED A FINAL APPEALABLE ORDER THAT SAID MORTGAGE IS THE FIRST AND BEST LIEN ON THE PROPERTY AND NO APPEAL WAS TAKEN FROM THAT ORDER."

II

{¶13} "THE TRIAL COURT ERRED IN HOLDING THAT THE VINCENT CLEMEN TRUST'S PURCASE (SIC) MONEY MORTGAGE IS INVALID."

III

{¶14} "THE TRIAL COURT ERRED IN HOLDING THAT CBI'S JUDGMENT LIEN HAD PRIORITY OVER THE MCABEE MORTGAGE."

IV

{¶15} "THE COURT ERRED IN NOT GRANTING VCT'S MOTION FOR SUMMARY JUDGMENT."

I

{¶16} Appellant claims the trial court erred in holding the first mortgage null and void when it had previously issued "a final appealable order" that said mortgage was the first and best lien on the property and no appeal was taken. We disagree.

{¶17} In its judgment decree filed May 17, 2013, the trial court determined the following in pertinent part:


      IT IS FURTHER ADJUDGED AND DECREED that the Court makes no finding as to the priority of the liens of the remaining lien holders other than to find that they are junior in priority to the first lien of Plaintiff and to transfer the liens to the excess proceeds of sale after payment of the lien of the Knox county Treasurer, costs and the first mortgage lien of Plaintiff.

      IT IS THEREFORE ORDERED, ADJUDGED AND DECREED that the first Mortgage Deed of Plaintiff is a valid and subsisting lien upon the premises described in the complaint after the lien of the Knox County Treasurer for real estate taxes; that the first Mortgage be foreclosed;***.


{¶18} At the time of the April 19, 2013 hearing to determine the validity and priority of the various liens and mortgages, there were no pending motions for summary judgment. The summary judgment history of this case prior to the hearing consisted of a December 23, 2011 motion filed by appellant which was denied on April 2, 2012, and a July 12, 2012 motion filed by appellee against the Levengoods which was granted on October 12, 2012, finding any mortgages from the Levengoods to the parents were null and void. None of the determined void mortgages was the subject of the May 17, 2013 judgment decree which centered on the 1999 note and mortgage from the Levengoods

to appellant. Somehow, the October 12, 2012 order was re-filed on March 8, 2013 with no additions to the October 12, 2012 order finding in favor of appellee.

{¶19} After the April 19, 2013 hearing, but before journalization of the decision on May 17, 2013, appellee filed a renewed motion for summary judgment on May 14, 2013. The renewed motion challenged the validity of the first mortgage and requested a ruling on appellee's counterclaims against appellant. The counterclaims requested that any claims or liens should be subordinate to appellee's lien of December 19, 2008. Also, appellant filed a renewed motion for summary judgment and marshalling of liens on July 1, 2013. It appears appellee's renewed motion was timely.

{¶20} The gravamen of this assignment is whether the May 17, 2013 judgment decree was a final appealable order. To be final and appealable, an order must comply with R.C. 2505.02. Subsection (B) provides the following in pertinent part:

> (B) An order is a final order that may be reviewed, affirmed, modified, or reversed, with or without retrial, when it is one of the following:
>
> (1) An order that affects a substantial right in an action that in effect determines the action and prevents a judgment;
>
> (2) An order that affects a substantial right made in a special proceeding or upon a summary application in an action after judgment.
>
> (3) An order that vacates or sets aside a judgment or grants a new trial;

(4) An order that grants or denies a provisional remedy and to which both of the following apply:

(a) The order in effect determines the action with respect to the provisional remedy and prevents a judgment in the action in favor of the appealing party with respect to the provisional remedy.

(b) The appealing party would not be afforded a meaningful or effective remedy by an appeal following final judgment as to all proceedings, issues, claims, and parties in the action.

{¶21} At the time of the filing of appellee's May 14, 2013 renewed motion for summary judgment, the trial court had jurisdiction to consider the issues set forth in appellee's counterclaims. In fact, the trial court's continued involvement relative to appellee's counterclaims is buttressed by the fact that the renewed motion was filed on a Friday at 3:52 p.m. and the judgment decree was filed on Monday, May 17, 2013 at 10:32 a.m. Further, the trial court scheduled a non-oral hearing on the renewed motion, and granted an extension to appellant to file a response and to appellee to file a reply.

{¶22} We find the trial court did not err in retaining jurisdiction given the renewed motion and the remaining unresolved issues between the parties on the counterclaims.

{¶23} Assignment of Error I is denied.

## II, III, IV

{¶24} Appellant claims the trial court erred in denying its motion for summary judgment and in finding that appellant's 1999 purchase money mortgage was invalid

and appellee's lien had priority over the McAbee mortgage.   We agree as to the McAbee mortgage only.

{¶25}  Summary Judgment motions are to be resolved in light of the dictates of Civ.R. 56.   Said rule was reaffirmed by the Supreme Court of Ohio in *State ex rel. Zimmerman v. Tompkins,* 75 Ohio St.3d 447, 448, 1996-Ohio-211:

> Civ.R.  56(C)   provides that before summary judgment may be granted, it must be determined that (1) no genuine issue as to any material fact remains to be litigated, (2) the moving party is entitled to judgment as a matter of law, and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the nonmoving party, that conclusion is adverse to the party against whom the motion for summary judgment is made.  *State ex. rel. Parsons v. Fleming* (1994), 68 Ohio St.3d 509, 511, 628 N.E.2d 1377, 1379, citing *Temple v. Wean United, Inc.* (1977), 50 Ohio St.2d 317, 327, 4 O.O3d 466, 472, 364 N.E.2d 267, 274.

{¶26} In its December 5, 2013 order granting appellee's motion for summary judgment and denying appellant's motion for summary judgment, the trial court determined the following:

ORDERED, ADJUDGED, AND DECREED as follows:

1. Based on the facts and circumstances of this particular case and its procedural history listed in the dispositive motions filed by the parties to this lawsuit, the Court concludes that the inequitable conduct of Defendant Joseph B. Levengood and the Plaintiff resulted in direct harm to CBI's lien on the Property because it is less likely to recover any amount on its secured claim of $88,683.67 due to various mortgages recorded by Defendant Joseph B. Levengood's relatives and/or insiders.

2. Therefore, the mortgage of record granted by Defendant Joseph B. Levengood to Plaintiff on an undivided one-half interest in the Property that is the subject of this foreclosure action, in the amount of approximately $90,000, recorded on or about November 19, 1999, during the Debtors' Chapter 13 bankruptcy case and without the knowledge of the bankruptcy court, and more specifically described in the Real Estate Mortgage recorded in the Official Records of Knox County at Book 604, Pages 040-042 ("Mortgage"), is null and void and is therefore released and discharged of record effective immediately.

4. Further, CBI's judgment lien dated December 19, 2008, and recorded in the Official Records of Knox County at Book 66, Page 126 ("Lien") is granted first priority over the Plaintiff's second mortgage. Accordingly, Plaintiff's second mortgage originally recorded on or about August 9, 2007 in the Official Records of Knox County at Book 1092, Pages 953-955, obtained via an assignment of interest on or about May 7,

2009 in the Official Records of Knox County at Book 1172, Page 698 from Thomas O. McAbee to the Plaintiff is subordinated to CBI's Judgment Lien referenced herein.

{¶27} The Levengoods filed a Chapter 13 bankruptcy petition on December 8, 1998. Pursuant to an order confirming plan filed May 12, 1999, the bankruptcy court ordered that the Levengoods could not acquire additional debt over $500.00 without notice to the trustee and could not transfer any interest in real property without court approval. Appellant argues the automatic stay provisions of 11 U.S.C. 362 do not apply to the foreclosure action sub judice, and only the bankruptcy trustee had the right to invalidate the first mortgage executed on November 12, 1999.

{¶28} In the Levengoods' admissions, they admitted that they acquired the one-half undivided interest in the property from appellant on November 12, 1999, and admitted the bankruptcy court had ordered them not to transfer any real interest in property without court approval back on May 12, 1999. *See,* Admissions 11 and 12 and Order Confirming Plan from the United States Bankruptcy Court, attached to Appellee's May 14, 2013 Renewed Motion for Summary Judgment as Exhibits F and H. The first mortgage dated November 12, 1999 was within the prohibited time.

{¶29} Appellant argues despite these salient facts, the trustee had a two year time period to void the 1999 transaction under 11 U.S.C. 549 and the trustee did not. We note on February 22, 2010, in the Levengoods' Chapter 7 bankruptcy case, appellee had filed an "Adversary Proceeding" to determine the validity, priority, and extent of the liens. The complaint was dismissed without prejudice in order to pursue

the claims in the matter sub judice. *See,* July 12, 2012 Stipulation of Dismissal, attached to Appellee's May 14, 2013 Renewed Motion for Summary Judgment as Exhibit D. While the Chapter 7 proceeding included various liens, the Levengoods had failed to list appellee's lien or proof of claim as a secured creditor.

{¶30} Of concern regarding the trial court's December 5, 2013 order is the trial court's lack of factual findings relative to its determination of "inequitable conduct" of the Levengoods and appellant as cited above. The trial court merely found the liens/mortgages were made to "relatives and/or insiders."

{¶31} Appellee argued in its renewed summary judgment motion that the liens obtained against the property were ' "subject to nullification on ground that property was in custody of bankruptcy court and beyond power of process of another court to impose a lien." ' *Securities, Inc. v. Louisville & N. R. Co.,* 94 Ohio App. 323, 327 (1st Dist.1953), quoting 6 American Jurisprudence, 1164, Section 1027.

{¶32} Although no action was taken by the trustee in the Chapter 13 bankruptcy proceeding, the prohibited act disobeying the order confirming plan was subject to nullification.

{¶33} The gravamen of this assignment is whether there are undisputed facts supporting nullification. Admittedly, appellant is Joseph Levengood's grandfather's trust, and Joseph's aunt is a co-trustee of the trust. Appellant procured the first mortgage during the pendency of the Levengoods' Chapter 13 bankruptcy proceeding. The Levengoods executed the mortgage in contravention of the bankruptcy court's explicit order to not acquire additional debt over $500.00 without notice to the trustee and to not transfer any interest in real property without court approval. The Chapter 13

proceeding closed on March 29, 2004 without ever disclosing the real estate purchase. *See,* Appellee's July 1, 2013 Response to Appellant's Renewed Motion for Summary Judgment at page 4.

{¶34} Based upon the undisputed facts, we concur with the trial court's finding that the 1999 mortgage to appellant is null and void and therefore appellee's lien has priority over said mortgage. However, we do not agree that appellee's lien has priority over the McAbee mortgage. The Levengoods executed a note and mortgage to Mr. McAbee on August 3, 2007 who in turn assigned it to appellant in May 2009. This time period was after the Chapter 13 proceeding which closed on March 29, 2004 and before the Chapter 7 proceeding filed on September 17, 2009. We find no "inequitable conduct" regarding this transaction. None of the presumptions arise against this mortgage vis-á-vis the 1999 mortgage.

{¶35} Appellant's motion for summary judgment argued the dates and the priority of the liens. We find the trial court's conclusions as to the 1999 mortgage sufficiently rebut appellant's motion for summary judgment.

{¶36} Assignments of Error II and IV are denied. Assignment of Error III is granted.

{¶37} The judgment of the Court of Common Pleas of Knox County, Ohio is hereby affirmed in part and reversed in part.

By Farmer, J.

Hoffman, P.J. and

Baldwin, J. concur.

SGF/sg 520